**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13831

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TYREIC T. BREWER,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:24-cr-00014-AW-MAL-1

————————————

Before JILL PRYOR, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Tyreic T. Brewer appeals his convictions and 60-month sentence imposed for two counts of being a felon in possession of a

firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8).  On appeal, he argues that his statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional under the Second Amendment.  He also argues that his 60-month sentence is procedurally and substantively unreasonable.  After careful review, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2024, a grand jury charged Brewer, by indictment, with two counts of knowingly possessing a firearm as a felon, under 18 U.S.C. §§ 922(g)(1) & 924(a)(8).  The indictment explained that Brewer had, in 2023, been convicted of possession of a controlled substance without a prescription and possession of cocaine, and those state crimes were each punishable for a term of imprisonment exceeding one year.  The indictment stated that Brewer had then, after being so convicted, possessed a firearm on both December 9, 2023, and April 11, 2024.  Brewer entered into a written plea agreement with the government and pled guilty to both counts.

As part of the plea, Brewer agreed to certain facts which established his guilt.  Specifically, on December 9, 2023, an officer with the Alachua County Sheriff's Office observed Brewer walking towards a car parked near an apartment complex.  When Brewer observed the officer's car, "he grabbed at his waistband and froze." After the deputy drove away, Brewer got into the parked car.  The officer then followed the car in which Brewer was a passenger.  The officer observed the car commit multiple traffic violations and he initiated a traffic stop.

As the officer initiated the traffic stop, Brewer removed a Smith and Wesson 9-millimeter pistol and ziplock bags, which contained suspected 3,4-methylenedioxypyrovalerone (MDPV),[1] out of his waistband.  Brewer then hid the firearm and the suspected drugs in the trunk of the car.  During the traffic stop, the officer directed Brewer and the other occupants to exit the vehicle.  The driver gave officers consent to search the vehicle, and the officers found the firearm, ammunition, and the suspected drugs.

On April 11, officers with the Alachua County Sheriff's Office stopped a different car for speeding.  Upon stopping the car, officers discovered that the driver was working for Lyft and that Brewer was a passenger in the backseat.  During the stop, a narcotics detection dog gave a positive alert for controlled substances and officers ultimately searched the vehicle.  The search of the vehicle revealed a 9-millimeter pistol under the seat cover where Brewer was sitting.  The Lyft driver told the officers that there were no firearms in the backseat before she picked up Brewer.  Officers later determined that the firearm had been reported stolen.

Before sentencing, a probation officer prepared a presentence investigation report which described the offense conduct consistent with Brewer's factual proffer.  It added that witnesses during the December 9 stop had reported that Brewer had hidden the firearm and the drugs and that Brewer had denied any knowledge of them.  The PSI also noted that, while in jail after the

---

[1] MDPV is a Schedule I controlled substance.  *See* 21 U.S.C. § 812(c); 21 C.F.R. § 1308.11(d)(37).

December 9 stop, Brewer had made phone calls instructing his girl-friend to "press" one of the witnesses because of that witness's statement against Brewer. Law enforcement later contacted this witness because she had received threatening messages telling her that she would die because she was a "snitch." The PSI also noted that, during the April 11 stop, officers found a bag of suspected marijuana on Brewer's person.

The PSI then calculated a guidelines imprisonment range using the 2023 Sentencing Guidelines Manual. It first assigned him a base offense level of 14 under U.S.S.G. § 2K2.1(a)(6)(A) and increased that level by 2 under U.S.S.G. § 2K2.1(b)(4)(A) because one of the firearms was stolen. The PSI also applied four and two level enhancements under U.S.S.G. § 2K2.1(b)(6)(B) and § 3C1.1 because, respectively, Brewer possessed the firearm in connection with another offense—drug possession/trafficking—and because Brewer willfully obstructed or attempted to obstruct the administration of justice by coordinating pressure on a witness to get her to change her testimony. Brewer's offense level was then reduced by three under U.S.S.G. § 3E1.1(a) & (b) because he had accepted responsibility for his offense and pled guilty. This led to a total offense level of 19.

The PSI then calculated Brewer's criminal history level. In total, the PSI calculated that Brewer had a criminal history category of III, based on six total criminal history points. More specifically, the PSI noted various prior adjudications and crimes, but only four

which received points under the Guidelines. Those four convictions were as follows. First, Brewer was convicted of grand theft of a motor vehicle for conduct committed when he was sixteen. Second, for conduct occurring one month later, when he was still sixteen, Brewer was convicted of grand theft of a motor vehicle and fleeing or attempting to elude police officers. The PSI explained that Brewer had fled police in a stolen car and that police had ultimately performed a PIT maneuver on the car. One of the other individuals in the car possessed a stolen firearm during this offense.

Third, for conduct occurring when he was nineteen years old, Brewer was convicted of domestic battery. The PSI explained that Brewer had been involved in an altercation with a woman with whom he has a child. Brewer pushed her and then grabbed her head, slamming it into a couch. Fourth, for conduct again occurring when Brewer was nineteen, Brewer was convicted of possession of a controlled substance without a prescription and possession of cocaine. The PSI explained that, during this occasion, Brewer fled from police on foot and that, after detaining him, officers recovered MDPV and cocaine.

The PSI also described several juvenile adjudications and arrests, for which Brewer was not assigned criminal history points. For example, Brewer was arrested for armed robbery when he was 10 years old and was convicted of affray when he was 13 years old. He was placed on probation after the affray conviction, and he later violated probation by not attending school, properly taking his

medication, abiding by his curfew, and completing anger management courses. Brewer had also been convicted of burglary of an unoccupied conveyance when he was 15 years old and was sentenced to a juvenile program.

As mitigating circumstances, the PSI noted that Brewer had a three-year-old child, and the child's mother had been incarcerated. Brewer, however, had a good relationship with his son and was trying to "be the father he never had" for his son. Brewer's father had been "in and out of jail" throughout Brewer's childhood and the two were not in frequent contact. Brewer also had been diagnosed with attention deficit hyperactivity disorder ("ADHD") and bipolar disorder as a child and was medicated throughout his childhood. He had dropped out of high school after his son was born, but he expressed interest in obtaining a general education development certificate.

Based on Brewer's criminal history category of III and his total offense level of 19, the PSI calculated an advisory guideline range of 37 to 46 months' imprisonment. Neither party objected to the factual statements in the PSI nor its guidelines calculations.

At the beginning of the sentencing hearing, the district court asked the parties whether they had any objections to the PSI and both parties confirmed that they did not. The court then noted that it would adopt the PSI with one change; it would be applying the 2024 version of the Sentencing Guidelines manual, though that

24-13831                Opinion of the Court                7

would not affect Brewer's guidelines range. The court then pro-
vided its "initial thoughts" about the case and asked the parties to
address them. Its initial thoughts were that:

> Like so many cases, there's aggravating and mitigat-
> ing [facts]. I have real concerns about the fact that
> there were, you know, two back-to-back offenses here
> that aren't picked up. . . . I say not picked up [in that
> they are] not picked up in the guidelines. It's the same
> range as if it had [been] only one or the other [of-
> fense], and so that's a concern. And then some of the
> prior offenses, reading the facts of them seem maybe
> a little more serious than the two points that are at-
> tached to each of them.

Brewer, through counsel, conceded that he faced significant
charges and that "the chain of events" reasonably caused the dis-
trict court concern. Even so, he argued, there were significant mit-
igating facts in the record.

Specifically, he urged the court to consider his young age (20
years old) at the time of his offenses and the fact that, while he had
a prior criminal history, he had "not served any significant time" in
state prison for his past crimes. Given those facts, he argued that
the offense conduct showed a lack of maturity and represented mis-
takes due to his youth. He conceded that jail time would be appro-
priate, and that the guidelines range was appropriate. He also ar-
gued that supervised release, with "very strict conditions," would
be most helpful for his development and reintegration into society
given his age.

The district court remarked that Brewer's case was "a perfect example of a case where I think additional supervision would be appropriate," but it was statutorily capped at three years. Brewer then requested a condition requiring him to obtain a GED and set "benchmarks" for Brewer upon release. He explained that he had no consistent male role model in his life, and he reiterated that he was a single father who wanted to do better for his son upon his release. Further, Brewer conceded that the obstruction-of-justice enhancement was properly applied, but he argued that he did not understand the seriousness of his conduct due to his immaturity.

Both Brewer and his father then testified. Brewer's father testified that Brewer would benefit from close supervision, that Brewer's son "really needs him," and that he hoped Brewer's convictions and sentence would help Brewer be a better father. Brewer, in his allocution, took responsibility for his conduct and apologized to the court. He explained that he had made mistakes and that he wanted to do better going forward and be a better father for his son.

The government argued that a top-of-the-guidelines sentence, or an upward variance, would be appropriate. It explained that Brewer's conduct endangered innocent people—the other passengers in the cars during both traffic stop—and that Brewer's criminal history showed a lack of respect for the law. It noted that the obstruction of justice enhancement also raised the same concern about a lack of respect for the law. Finally, it noted that the

offense conduct was aggravating—namely the fact that "these two offenses happened within about four months of each other."

The district court stated that it would "impose a modest variance" of a 60-month term of imprisonment, to be followed by three years of supervised release. It explained that "the biggest driver" of the sentence was "the fact that we had two separate episodes" involving the same conduct in short succession. It also noted that some of the previous offenses involved dangerous conduct, including a "PIT maneuver that put a lot of people at risk" and fleeing from officers on foot, which could have led to a dangerous situation as well. Given these facts, the court found that Brewer's criminal history score "d[id] not really adequately capture the seriousness of [his] criminal history." It also noted the fact that Brewer "had so many convictions in a short period of time for a young person."

Considering these factors, the court explained that a variance was warranted. It added that it considered a greater variance, but that Brewer's mitigation evidence was persuasive. Specifically, the court noted Brewer's young age, his genuine remorse, his acceptance of responsibility, and his lack of maturity. It added that the drugs which Brewer possessed would not have led to a significant sentence if Brewer had been prosecuted separately for possessing them. It believed that the sentence would also address the "aggravating factor" of Brewer's "difficulty complying with supervision [and] violations of probation." The court then formally announced its sentence, noting that it found the sentence sufficient

but not greater than necessary under 18 U.S.C. § 3553. After discussion on issues not relevant to the instant appeal, and after ensuring that the parties had no further objections, the court concluded the hearing.

The court later entered its written judgment. It also entered a "statement of reasons" memorializing the reasons for the sentence. It reiterated that Brewer "was arrested for possessing a gun, released, and then committed the offense a second time." "Under these circumstances," the court explained, "a guidelines sentence would be insufficient." It reiterated that "[a]n above-guidelines sentence was necessary to afford sufficient deterrence and public protection," and remarked that, but for Brewer's "age and remorse," his "sentence would have been higher." Brewer appealed his convictions and sentence.

## II. STANDARDS OF REVIEW

We typically review the constitutionality of a statute *de novo*. *See United States v. Leahy*, 152 F.4th 1356, 1365 (11th Cir. 2025). However, even when we review an issue *de novo*, we are bound to follow our own prior binding precedent unless it is overruled or abrogated by the Supreme Court or this Court sitting *en banc*. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

We follow a "two-step process" when reviewing a sentence. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). First, we review the sentence for procedural reasonableness, determining "whether the district court committed any significant procedural

error, such as miscalculating the advisory guideline range . . . , failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 936. That said, our review is only for plain error when a procedural reasonableness issue is raised for the first time on appeal. *United States v. Steiger*, 107 F.4th 1315, 1320 (11th Cir. 2024). "To establish plain error, a defendant must show that there was an (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Utsick*, 45 F.4th 1325, 1332 (11th Cir. 2022). "Where all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

In the second step of our "two-step process," we determine "whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors." *Trailer*, 827 F.3d at 935–36. "We review the substantive reasonableness of a sentence for an abuse of discretion." *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022). When we review for substantive reasonableness, "we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was 'in the ballpark of permissible outcomes.'" *Id.* at 1355 (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015)). A party arguing a sentence is unreasonable bears "the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States*

*v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[W]e have identified three ways in which a district court can abuse its discretion" and "impos[e] a substantively unreasonable sentence: (1) failing to properly consider a relevant sentencing factor that was due significant weight, (2) giving significant weight to a factor that was not relevant, or (3) committing a clear error of judgment by weighing the sentencing factors unreasonably." *Butler*, 39 F.4th at 1356; *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

### III. ANALYSIS

As mentioned above, Brewer makes two arguments on appeal. We first address his challenge to his convictions and then turn to his arguments about his sentence.

#### A.  18 U.S.C. 922(g)(1) is constitutional.

Brewer's first argument is that his convictions should be vacated because § 922(g)(1) violates the Second Amendment as applied to him. He correctly recognizes that our precedent forecloses this argument. *See United States v. Dubois*, 139 F.4th 887, 894 (11th Cir. 2025), *cert. denied*, No. 25-6281, 2026 WL 135685 (Jan. 20, 2026) (mem.).[2]   In *Dubois*, we explained that neither *United States v.*

---

[2] Brewer concedes that he failed to preserve this issue, so our review is only for plain error. *See Utsick*, 45 F.4th at 1332 (laying out the elements of plain-error review). In any event, the standard of review is irrelevant because the argument fails under any standard of review; our precedent holds that § 922(g)(1) is constitutional. *Dubois*, 139 F.4th at 894.

*Rahimi*, 602 U.S. 680 (2024), nor *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), abrogated our decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), which held that Section 922(g)(1) is constitutional under the Second Amendment. *Dubois*, 139 F.4th at 893–94; *see also Rozier*, 598 F.3d at 771 ("[S]tatutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class."). As we said in *Dubois*, "[w]e require clearer instruction from the Supreme Court before we may reconsider the constitutionality of [S]ection 922(g)(1)." *Dubois*, 139 F.4th at 894. For this reason, we are bound by our precedent to reject Brewer's first argument and affirm his convictions. *White*, 837 F.3d at 1228; *see also United States v. Hicks*, 166 F.4th 933, 938–39 (11th Cir. 2026) (rejecting similar challenge).

### B.  Brewer has not shown his sentence is unreasonable.

Brewer's second argument is that his sentence was procedurally and substantively unreasonable. He first contends the district court procedurally erred by misconstruing his prior criminal record and concluding that it showed disrespect for the law. He concedes he has "many convictions and violations," but he argues they were accumulated during his childhood and are a result of his "adultification"—the criminal justice system "impart[ed] adult responsibilities, behaviors, and treatment" onto him, even though he was a child during this conduct. Appellant's Br. at 15 (quoting Chaz Arnett, *Virtual Shackles: Electronic Surveillance and the Adultification of Juvenile Courts*, 108 J. CRIM. L. & CRIMINOLOGY 399, 410 (2018)).

He contends that the district court accordingly erred by considering his criminal history as an aggravating circumstance because it was, instead, mitigating in light of the foregoing and was important context to his behavior in this case. For similar reasons, Brewer argues his sentence is substantively unreasonable because the district court focused too much on his criminal history, gave insufficient weight to his mitigation evidence, and imposed a sentence greater than necessary to achieve the purposes of sentencing.

The government argues that Brewer fails to establish any of the prongs of plain error on his procedural challenge because the district court did not err; if it did, any error was not plain or obvious, and even if it were plain or obvious error, it was harmless. *See Utsick*, 45 F.4th at 1332. It also argues that Brewer's sentence is substantively reasonable.

### i.    Procedural Reasonableness

First, we conclude Brewer has not shown plain procedural error.[3] Brewer correctly notes that a sentencing court can abuse its discretion by basing its sentence on an irrelevant factor. *See United States v. Williams*, 456 F.3d 1353, 1361 (11th Cir. 2006) ("A sentence based on an improper factor fails to achieve the purposes of

---

[3] We agree with the government that plain-error review applies. Brewer casts his challenge as raising a question of procedural reasonableness, and the precedent he cites in support of his argument holds that when a defendant "do[es] not object to the procedural reasonableness [of his sentence] at the time of sentencing, we review for plain error." *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). This is the case as relates to Brewer's improper factor argument; he did not object on this ground before the district court.

§ 3553(a) and may be unreasonable, regardless of length."), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Brewer contends that the district court misconstrued his juvenile record as demonstrating disrespect for the law, but the record here does not plainly show that the district court based Brewer's sentence on that factor. The court's focus was, instead, on permissible factors—such as Brewer's conduct in this case and his adult criminal history.

"A plain error is an error that is 'obvious' and is 'clear under current law.'" *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (quoting *United States v. Olano*, 507 U.S. 725, 731 (1993)); *see also United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."). In a recent case addressing a similar argument—that is, a claim that an impermissible factor was considered at sentencing—the Supreme Court explained that, when applying plain-error review, a court of appeals must affirm "unless it is 'clear' or 'obvious' that the district court actually relied on" the impermissible factor, "either expressly or by unmistakable implication." *Esteras v. United States*, 606 U.S. 185, 202–03 (2025) (quoting *Olano*, 507 U.S. at 734); *cf. also Williams*, 456 F.3d at 1362 (explaining that a court's reliance on an impermissible factor is harmless if the record shows the factor "did not substantially affect the district court's selection of the sentence imposed").

On this record, the district court did not "expressly" rely on an impermissible factor at sentencing, and we are not left with the "unmistakable implication" that it did so either. *Esteras*, 606 U.S. at 202–03. Accordingly, any procedural error was not plain. *See id.* First, the district court was explicit that "the biggest driver" of Brewer's sentence was his offense conduct here. *See* 18 U.S.C. § 3553(a)(1) (directing courts to consider "the nature and circumstances of the offense"). Then, the district court noted that "some of the facts of the previous offenses" were aggravating, as was the number of Brewer's convictions "in a short period of time." Yet, in explaining these points, the court clarified that its concern was not related to Brewer's convictions when he was a juvenile: it was concerned with Brewer's adult convictions, specifically—for conduct when he was 16 and 19—that involved flight from police. The court seemingly highlighted these points because they were relevant to whether the offense conduct here also put innocent people at risk, as the government had argued.

Finally, while the district court noted that Brewer had violated the terms of his supervision before, it is not "obvious" that the court was referring to Brewer's conduct when he was 13 or 15 years old. *Esteras*, 606 U.S. at 202–03. It is undisputed that Brewer violated the conditions of his parole several times after he was twice convicted, as an adult, of grand theft of a motor vehicle. We read the district court's comments to be about Brewer's challenges with supervision to reference these adult convictions, which were a permissible consideration under the Guidelines. *See generally*

U.S.S.G. § 4A1.2(d) ("Offenses Committed Prior to Age Eighteen"). For these reasons, we find no plain procedural error.

### ii.    Substantive Reasonableness

We also conclude that Brewer has not shown that his sentence is substantively unreasonable or that the district court abused its significant discretion. *See Gonzalez*, 550 F.3d at 1324. Under § 3553(a), a district court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a). In addition, a sentencing court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id.*

While a district court must consider the guidelines and all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and it may attach greater weight to one factor over the others. *Butler*, 39 F.4th at 1355; *see also United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025) ("A district court does not have to give all the factors equal weight . . . ."). In imposing a variance from the guidelines range, we have explained that a court should look to the § 3553(a) factors. *Butler*, 39 F.4th at 1355. For instance, a court can "impose an upward variance if it concludes that the [g]uidelines range was insufficient in light of a defendant's criminal history," or if it concludes

that uncharged conduct relates to "the need to promote respect for the law, afford adequate deterrence, and protect the public." *Id.* The court may also consider, in imposing a variance, factors which it already considered in calculating the guideline range. *United States v. Oudomsine*, 57 F.4th 1262, 1268 (11th Cir. 2023).

Typically, a court's "failure to discuss . . . 'mitigating' evidence" does not indicate that the court "erroneously 'ignored' or failed to consider th[e] evidence in determining [the defendant's] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Instead, a "court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments" is typically sufficient to show it has considered the issues and arguments before it. *Butler*, 39 F.4th at 1355 (citing *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009)).

We "ordinarily expect a sentence within the Guidelines range to be reasonable." *Gonzalez*, 550 F.3d at 1324; *see also United States v. Castaneda*, 997 F.3d 1318, 1332 (11th Cir. 2021). However, we do not assume that a sentence outside the Guidelines range is reasonable nor unreasonable. *Butler*, 39 F.4th at 1355. One indicator of a reasonable sentence is a sentence that is well below the statutory maximum for the crime. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014); *Gonzalez*, 550 F.3d at 1324 (same).

Here, the district court permissibly concluded that the facts and circumstances of Brewer's offenses in this case, *see* 18 U.S.C. § 3553(a)(1), including the timing between his first felon-in-possession violation in December 2023 and his second felon-in-possession

violation in April 2024, reflected an aggravating circumstance. The court acted within its discretion in assigning that aggravating circumstance significant weight, as it was relevant to the seriousness of Brewer's offense. 18 U.S.C. § 3553(a)(1); *Butler*, 39 F.4th at 1355. The court did not abuse its discretion in concluding that this aggravating circumstance warranted a variance, as it found "that the Guidelines range was insufficient" in light of this circumstance, and it tied its variance to relevant § 3553(a) factors. *Butler*, 39 F.4th at 1355; *Oudomsine*, 57 F.4th at 1268. In this respect, the court followed our precedent and exercised its discretion reasonably; it did not give significant weight to a factor that was not relevant or commit a clear error of judgment in its weighing of the factors. *Butler*, 39 F.4th at 1356.

In addition, the district court did not need to specifically address each argument Brewer made in mitigation. *See Amedeo*, 487 F.3d at 833; *Butler*, 39 F.4th at 1355. Even so, the district court here did identify various mitigating factors raised by Brewer, including his age and his remorse, which led the court to a 60-month sentence. Indeed, the court noted that, without these mitigating facts, Brewer's sentence would have been higher. While Brewer argues that the district court should have given his mitigating evidence greater weight, our precedent affords sentencing courts considerable discretion in assigning weight to relevant factors. *Butler*, 39 F.4th at 1355; *Olson*, 127 F.4th at 1276. The district court did not make a clear error of judgment in weighing these relevant factors. *Butler*, 39 F.4th at 1356. Finally, the district court's sentence was

well below the maximum sentence of 30 years' imprisonment, indicating that 60 months is a reasonable sentence.  *See Dougherty*, 754 F.3d at 1364; *Gonzalez*, 550 F.3d at 1324.

The abuse of discretion standard is deferential, as it "allows for a 'range of choice for the district court,' as long as that choice is not a 'clear error of judgment.'"  *United States v. Beaufils*, 160 F.4th 1147, 1163 (11th Cir. 2025) (quoting *Rasbury v. IRS* (*In re Rasbury*), 24 F.3d 159, 168 (11th Cir. 1994)).  Based on the totality of circumstances, Brewer has not shown that his sentence falls outside "the ballpark of permissible outcomes" or that the court abused its discretion.  *Butler*, 39 F.4th at 1355.  Accordingly, we affirm in this respect as well.

### IV. CONCLUSION

For the reasons we have explained, we affirm Brewer's convictions and sentence.

**AFFIRMED.**